**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-39

UNITED STATES TAX COURT

HARRIS HE WANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4306-13S.                    Filed April 22, 2014.

Harris He Wang, pro se.

<u>Eliezer Klein</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code), as amended and in effect for 2009 and 2010, and all Rule
(continued...)

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent issued a notice of deficiency to petitioner determining Federal income tax deficiencies of $3,333 and $4,406 for the taxable years 2009 and 2010, respectively. Petitioner filed with the Court a timely petition for redetermination pursuant to section 6213(a). After concessions,[2] the issues remaining for decision are whether petitioner (1) was obliged to include in gross income for 2009 a stipend of $10,167 and (2) is liable for self-employment tax in respect of a payment of $35,700 that he received during 2010.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Massachusetts at the time the petition was filed.

---

[1](...continued) references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]Although respondent determined in the notice of deficiency that petitioner failed to report a stipend of $18,375 that he received during 2009, the record reflects that petitioner included $8,208 of the stipend in gross income, leaving $10,167 in dispute for that year. Petitioner concedes that he failed to report a short-term capital gain of $350 for 2009. The parties will address the impact of these concessions in computations prepared in accordance with Rule 155.

## I. Petitioner's Background

Petitioner received a bachelor's degree from the Massachusetts Institute of Technology in 2005. He then promptly enrolled as a full-time student pursuing a doctorate in biophysics at Harvard University. Petitioner completed the Harvard doctoral program in 2010.

## II. Fellowship

In 2009 the American Society for Engineering Education (ASEE) awarded petitioner the National Defense Science and Engineering Graduate Fellowship (fellowship grant). The fellowship grant paid all of petitioner's tuition charges and mandatory fees in connection with his enrollment in the Harvard doctoral program and provided him with an additional cash stipend of $18,375.

## III. Medical Research

By letter dated October 29, 2010, the Internal Revenue Service (IRS) notified 3W Consulting Co. (3W) that its application requesting certification for qualified investments in a qualifying therapeutic discovery project had been approved and that it was awarded "a grant in the amount of $244,479.24."[3] The

---

[3]3W applied for the grant pursuant to the Patient Protection and Affordable Care Act (PPACA), Pub. L. No. 111-148, sec. 9023(e), 124 Stat. at 881, which authorized the Secretary to award grants for qualified investments in qualifying therapeutic discovery projects. Grants awarded under the PPACA generally are

(continued...)

IRS letter included a two-page attachment that described 3W's research project as "Multiparameter Screening Method and Multicomponent Drug for Cardiovascular Disease", explained how 3W could withdraw grant funds through a payment management system operated by the U.S. Department of Health and Human Services, and stated that the grant "is not taxable for federal income tax purposes." Petitioner's father, Dr. Xing F. Wang, is the president of 3W.

3W paid $35,700 to petitioner during 2010 to perform research in connection with the grant it was awarded to investigate therapies for cardiovascular disease. Petitioner testified that he considered the payment to be similar to a graduate research grant and that he generally performed lab work and "research that any graduate student would be doing as part of graduate study." In response to questioning at trial, petitioner appeared to know very little about 3W's operations or what 3W did with his research work product.

---

[3](...continued) not includible in the gross income of the taxpayer/recipient. Sec. 48D(f)(3). PPACA sec. 9023(a), 124 Stat. at 877, amended the Code to add new sec. 48D which provides a nonrefundable investment tax credit (in lieu of the grant described above). Sec. 48D is effective for amounts paid or incurred after December 31, 2008, in tax years beginning after that date. PPACA sec. 9023(f), 124 Stat. at 883.

IV. Petitioner's Tax Returns

ASEE issued to petitioner a Form 1099-MISC, Miscellaneous Income, for 2009 reporting that he had received other income of $18,375. Petitioner filed a timely Form 1040, U.S. Individual Income Tax Return, for 2009 and included $8,208 (identified as "SCH") of the $18,375 ASEE stipend as an item of gross income. Petitioner did not include the $10,167 balance of the stipend in gross income because he allegedly used it to pay off student loans and other expenses related to his undergraduate and graduate studies. Petitioner did not produce any receipts, bank or credit card records, or similar documentation to substantiate these additional educational expenses.

Petitioner filed a timely Form 1040 for 2010. He reported on line 21 that he had received $35,700 of other income related to a "1099-M, Other Income, Medical Study" from 3W.[4] Petitioner did not report self-employment tax in respect of the payment from 3W.

V. Examination

During the examination process petitioner obtained from 3W a letter dated February 21, 2012, signed by his father, stating in relevant part that 3W had paid

---

[4]The record does not include the Form 1099-MISC that 3W issued to petitioner.

petitioner $35,700 during 2010 in connection with its qualified therapeutic discovery project. The letter further states that the payment was reported in box 3 of Form 1099-MISC in accordance with the instructions for that form and that in accordance with the instructions for Form 1040 petitioner "should not pay self-employee, Social Security, or Medicare taxes on the amount paid by the QTDP-grant."

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) provides that the burden of proof may shift to the Commissioner, however, as to any factual issue relevant to a taxpayer's liability for tax if the taxpayer (1) introduces credible evidence with respect to that issue and (2) satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, information, and meetings. Sec. 7491(a)(1) and (2); see also Rule 142(a)(2). The taxpayer bears the burden of proving that the requirements of section 7491(a) have been met. See Rolfs v. Commissioner, 135 T.C. 471, 483 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012). In addition, if a taxpayer raises a reasonable dispute with

respect to a third-party information return and has otherwise fully cooperated with the Commissioner, the burden of production may shift to the Commissioner to present reasonable and probative evidence to verify the information return. Sec. 6201(d).

Petitioner does not dispute that he received the amounts ASEE and 3W reported, and the only question before the Court is the proper treatment of those amounts for income tax and self-employment tax purposes, respectively. Accordingly, the outcome in this case is not dependent on the burden of proof or the burden of production under sections 7491(a) and 6201(d).

## I. ASEE Fellowship

The term "gross income" is broadly defined in the Code to include all income from whatever source derived. Sec. 61(a). Section 117(a) and related provisions exempt from gross income any amount received as a qualified scholarship or fellowship grant by an individual who is a candidate for a degree at an educational organization described in section 170(b)(1)(A)(ii). A "qualified scholarship" means "any amount received by an individual as a scholarship or fellowship grant to the extent * * * that * * * such amount was used for qualified tuition and related expenses." Sec. 117(b)(1). Qualified tuition and related expenses are limited to "tuition and fees required for the enrollment or attendance

of a student at an educational organization described in section 170(b)(1)(A)(ii)" and "fees, books, supplies, and equipment required for courses of instruction at such an educational organization." Sec. 117(b)(2). For purposes of this case, we are concerned with whether petitioner used the portion of the ASEE stipend in dispute for "qualified tuition and related expenses".

Petitioner included $8,208 of the $18,375 ASEE stipend as an item of gross income for 2009. He maintains, however, that the balance of the stipend is not includible in gross income because he used it to pay off student loans and other expenses related to his undergraduate and graduate studies. Petitioner did not produce any receipts, bank statements, credit card records, or similar documentation, however, to substantiate the additional educational expenses he claims to have paid. We therefore conclude that petitioner was obliged to include the balance of the stipend, a total of $10,167, in gross income for 2009.

Petitioner also mentioned at trial that he received an ASEE stipend in 2007 that he did not include in gross income on his Form 1040 for that year. He further testified that the IRS examined his 2007 return and issued a "No Change" letter. To the extent that petitioner contends that respondent is estopped to assert that the stipend is includible in gross income in this case, he is misinformed.

It is well settled that the acceptance of or acquiescence in returns filed by a taxpayer in previous years creates no estoppel against the Commissioner, nor does the overlooking of an error in a return upon audit create any such estoppel. See Dixon v. United States, 381 U.S. 68, 72-73 (1965); Auto. Club of Mich. v. Commissioner, 353 U.S. 180, 183-184 (1957); McGuire v. Commissioner, 77 T.C. 765, 779-780 (1981). In short, neither the Commissioner nor the Court is constrained in this case by the alleged "No Change" letter issued in respect of petitioner's tax return for 2007. See, e.g., Gould v. Commissioner, 139 T.C. 418, 445 (2012), aff'd, ___ Fed. Appx. ___, 2014 WL 279863 (4th Cir. Jan. 27, 2014).

II. 3W Payment

Section 1401 imposes a tax on the "self-employment income" of every individual. Self-employment income is generally defined as the "net earnings from self-employment derived by an individual". Sec. 1402(b). The term "net earnings from self-employment" is generally defined as "the gross income derived by an individual from any trade or business carried on by * * * [the] individual, less the deductions allowed by this subtitle [i.e., subtitle A of title 26] which are attributable to * * * [the] trade or business". Sec. 1402(a); Eades v. Commissioner, 79 T.C. 985, 986 (1982). For income to be taxable as self-employment income there must be a nexus between the income received and a

trade or business that is, or was, actually carried on. Newberry v. Commissioner, 76 T.C. 441, 444 (1981).

Respondent determined that the payment that petitioner received from 3W is subject to self-employment tax. Although petitioner acknowledges that the 3W payment is includible in his gross income for 2010,[5] he appears to assert that the payment nevertheless is excepted from self-employment tax on the alternative theories that (1) he was a graduate student at the time he earned the money and the research he conducted was similar to that performed by graduate students pursuant to research grants, and (2) 3W paid him from funds derived from a Federal grant and he should enjoy the same tax advantages as 3W.

The record shows that petitioner performed medical research and related lab work for 3W in exchange for a payment of $35,700. There is no indication that 3W transferred the funds to petitioner for a noncompensatory reason (e.g., as a

_____

[5]Under the circumstances, it is difficult to square petitioner's acknowledgment that the 3W payment is includible in his gross income with his assertion that the payment is not subject to self-employment tax. We note that petitioner's treatment of the payment as income is consistent with the treatment of scholarships and fellowship grants under sec. 117(c), which provides that the portion of a scholarship or fellowship grant which represents compensation for teaching, research, or other services by the student that are required as a condition for receiving the scholarship or fellowship grant is not excludable from income. See sec. 1.117-4(c), Income Tax Regs. (providing that amounts paid as compensation for services or primarily for the benefit of the grantor are not considered amounts received as a scholarship or fellowship grant).

gift, prize, or award, or to permit him to conduct independent research unrelated to 3W's business). Rather, 3W paid petitioner to perform medical research in support of the grant it was awarded to investigate new therapies related to cardiovascular disease. On this record, we conclude that petitioner was engaged in the trade or business of medical research as an independent contractor of 3W, and the entire payment that he received from 3W is compensation subject to self-employment tax.

We recognize that some fellowship grants that are not excludable from gross income may nevertheless be exempt from self-employment tax. See Spiegelman v. Commissioner, 102 T.C. 394, 405-406 (1994) (stating that fellowship grant that permitted taxpayer to perform research and studies primarily to further his own education, training, and academic excellence was not compensation subject to self-employment tax). As discussed above, however, 3W paid petitioner to perform medical research in support of its pursuit of new therapies related to cardiovascular disease. Thus, petitioner's activities are easily distinguished from those of the taxpayer in the Spiegelman case.

Petitioner offered no legal authority in support of the proposition that funds transferred to a grant recipient under the Patient Protection and Affordable Care Act (PPACA), Pub. L. No. 111-148, 124 Stat. 119, are not subject to self-

employment tax when paid to the recipient's independent contractors for services rendered. We have reviewed section 48D and PPACA sec. 9023(e), 124 Stat. at 881, and find them devoid of any language that would provide justification for excepting the payment that petitioner received from 3W from self-employment tax.

In accordance with the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.